PEARSON, TILLMAN (Ret.), Associate Judge.
The appellant, Michael Martinez (Martinez), was the plaintiff in the trial court. He brought a malicious prosecution suit *873 against Michael D. West (West), Capital City Moving and Storage (Capital City), and Aero Mayflower Transit Company (Aero Mayflower). Martinez was a contract long-distance driver for Capital City. Aero Mayflower used Capital City as its transit agent to carry out certain of its contracts. Final summary judgment was entered against appellant in his action, and this appeal followed.
For his services, Martinez was paid a percentage of the collections from customers. The contract between Martinez and Capital City required Martinez to pay for his fuel, labor, and a portion of repairs. To finance his operation on the road, Martinez received advances against his earnings. His deposition contains a contention that he had, on three or four prior occasions, used monies he collected from customers for expenses without serious consequences.
In September of 1980, Martinez telephoned West from California and requested an advance. West refused the advance because Martinez was either $850 or $1,100 short on the monies which, under his contract with Capital City, he should have remitted to Capital City. The $850 figure is the estimate of Martinez, and the $1,100 figure is West’s estimation of the amount the collection monies were deficient.
When West refused to advance Martinez more money, Martinez quit and informed Mayflower in a separate telephone message to send someone to pick up the truck. Martinez also informed Mayflower that he would stay with the truck until the new driver arrived. This last provision was unknown to West at the time he initiated the prosecution of Martinez for grand theft.
Martinez was arrested in California and spent 30 days in jail there and in Florida. Martinez was charged by information with grand theft. This information was later dismissed by the State Attorney’s office for lack of jurisdiction. Subsequently, a second information charging grand theft was filed by the State Attorney. This information was dismissed by the State Attorney’s office for lack of testimony regarding the elements. The arrest and the informations were predicated upon the following affidavit by West:
Our driver, Mike Martinez, has been withholding collections from interstate shipments of household goods from Mayflower. He called this morning for money on which to operate, at which time I told him I had just received his papers minus approximately $1,100 in collections. He said he had spent all the money and could not move until I sent him more. As the money he kept was not his, I told him I couldn’t send any until I received those collections. I feel at this time that the unit he is operating — valued at $35-40,000 and the property in it — valued at $40-50,000 are in jeopardy. He could take off with all or part of it. In addition, several other sets of bills and collections over the past several months have not been received, which we estimate to be in the range of $2-3,000. It is standard procedure — and he is required by contract — to turn in all Bills of Lading and cash collections immediately upon delivery of each shipment.
The affidavit was presented to a county judge, who concluded that probable cause was sufficient.
In Burns v. G.C.C. Beverages, Inc., 469 So.2d 806 (Fla. 1st DCA 1985), this court, in an en banc opinion, held that, in a malicious prosecution suit, a presumption arises from a magistrate’s finding of probable cause for the issuance of an arrest warrant which is conclusive, absent fraud or other corrupt means employed by the person initiating the prosecution. We do not here repeat the authority or the reasoning of the Burns opinion which we find to be governing in the instant case.
The appellant here, not having the benefit of the Burns opinion, has argued that disputed facts create a genuine issue as to the existence of probable cause. We must affirm upon appellant’s first point in the light of the Burns decision.
With his second point, appellant contends that there was evidence at the time of the summary judgment hearing suffi- *874 dent to raise an issue of the use of fraud or other corrupt means in the procurement of the probable cause finding. The appellant does not refer to, nor do we find in the record evidence of fraud or corrupt means. Rather, appellant argues that fraud or corrupt means may be implied from: (1) an incomplete disclosure of the full factual background of appellant’s past dealings with his employer and the circumstances of his resignation in California (the record does not show what information in this regard, if any, West had when filing the affidavit); (2) the delay in the filing of the affidavit for seven months subsequent to the first alleged theft of collection money; and (3) before appellees could themselves believe that appellant was guilty of the crimes charged, it would have been necessary to pursue the matter further. We have considered each of these arguments in the light of this record and find them insufficient to show fraud or corrupt means in the procurement of appellant’s arrest. Because there is no evidence of fraud, there is no genuine issue of material fact on the question of fraud, and summary judgment was properly entered for defendants. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975); Cia. Ecuatoriana De Aviacion, C.A. v. U.S. And Overseas Corp., 144 So.2d 338 (Fla. 3d DCA 1962).
Appellant’s third point urges reversal because the certified copies of the court records of the two informations filed against him were introduced at the hearing. The appellant has failed to show that the point presents prejudicial error. The court records were no surprise to appellant and had been filed in the cause several months in advance of Aero Mayflower’s motion for summary judgment. The motion for summary judgment of West and Capital City, filed months prior to its disposition, referred to the certified copies of the court records. There is no transcript of the hearing, and the trial judge, in his order denying rehearing, recites his recollection that the plaintiff waived the alleged procedural defect in the introduction of affidavits contained in the court records. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982). We do not reach the question of whether the documents were those of which the court could properly take judicial notice.
The judgment is affirmed.
MILLS and NIMMONS, JJ., concur.