502 So.2d 1217 (1986)
James R. BURNS, Petitioner,
v.
GCC BEVERAGES, INC., Etc., Respondent.
No. 66999.
Supreme Court of Florida.
December 24, 1986.
Rehearing Denied March 20, 1987.
Gerald S. Bettman and Jack W. Bettman, Jacksonville, for petitioner.
Floyd L. Matthews, Jr. and Jerry J. Waxman of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for respondent.
BARKETT, Justice.
We have for review Burns v. GCC Beverages, Inc., 469 So.2d 806, 809 (Fla. 1st DCA 1985) (en banc), in which the First District certified the following question as being of great public importance:
In a suit for malicious prosecution, does a presumption of the existence of probable cause arise from a magistrate's finding of probable cause for an arrest warrant, that presumption being conclusive absent proof of fraud or other corrupt means employed by the person initiating the prosecution?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the negative. Nonetheless, we believe summary judgment was properly entered by the trial court in this case. Therefore, we approve the result but not the reasoning of the court below.
James Burns filed a malicious prosecution suit against his former employer, GCC *1218 Beverages, alleging that GCC had instigated and continued to prosecute theft charges against him without probable cause. The theft charges arose out of a dispute between GCC and a customer. When GCC requested payment, the customer initially responded that the check had been placed in the mail. Upon subsequent contact, GCC was told that the bill had been paid to its employee, Burns, in cash. GCC contacted the authorities and reported the customer's allegation. After speaking with GCC personnel and two employees of the customer, the investigating officer filed an affidavit and obtained an arrest warrant for Burns from a magistrate. Burns was formally charged, tried and found not guilty. Burns' subsequent suit against GCC for malicious prosecution was terminated by summary final judgment in favor of GCC. On appeal, the First District affirmed, holding that Burns could not prevail as a matter of law because the issuance of the warrant upon the magistrate's finding of probable cause constituted a conclusive presumption of probable cause absent proof of fraud or other corrupt means employed to obtain the warrant. Recognizing that its decision would have a major impact on malicious prosecution actions in Florida, the district court certified the question presented above.
To prevail in a malicious prosecution suit, a plaintiff must prove:
(1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action.
Buchanan v. Miami Herald Publishing Co., 230 So.2d 9, 11 n. 3 (Fla. 1969) (on rehearing) (quoting Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 288, 109 So. 623, 626 (1926)). Accord Gause v. First Bank of Marianna, 457 So.2d 582 (Fla. 1st DCA 1984); Johnson v. City of Pompano Beach, 406 So.2d 1257 (Fla. 4th DCA 1981). Thus, proving the absence of probable cause is essential. The opinion of the First District, however, precludes a plaintiff from advancing any proof of this element when a warrant has been obtained from a magistrate in an ex parte proceeding, other than proof that the warrant was obtained by fraud or corrupt means. In essence, the determination of probable cause in an ex parte proceeding has been deemed by the district court to be an almost absolute defense to a malicious prosecution action. We cannot agree that this is or should be the law.
In Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958), we determined that a magistrate's finding of probable cause after an adversary hearing constituted a conclusive presumption of the existence of probable cause in a subsequent malicious prosecution action, absent fraud or other corrupt means employed to obtain the warrant. The First District recognized Gallucci to be the seminal case. However, it interpreted Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1977), as modifying Gallucci. In Colonial Stores, we characterized Gallucci as holding "that in a malicious prosecution suit a presumption arises from a magistrate's finding of probable cause which is conclusive, absent fraud or other corrupt means employed by the person initiating the prosecution." 355 So.2d at 1184. The district court inferred from the absence of any discussion in Colonial Stores regarding the specific facts of Gallucci that this Court intended to broaden its Gallucci holding to apply to any finding of probable cause by a magistrate. Such an interpretation is not warranted. The holding of a case is properly construed only in the context of the facts presented therein.
Moreover, the issue in Colonial Stores had nothing to do with a magistrate's finding of probable cause. The only question in Colonial Stores was whether the filing of an information by the state attorney *1219 constituted a presumption of probable cause in a subsequent malicious prosecution action. Colonial Stores expressly followed Ward v. Allen, 152 Fla. 82, 85, 11 So.2d 193, 195 (1942), which had explained that:
Although the proof of the issuance of the warrant and the filing of the information did not conclusively establish the presence of probable cause that evidence did tend to refute the absence of it. (Emphasis supplied.)
There is no question that in Gallucci's malicious prosecution action the accused was given the opportunity to refute the allegations supporting probable cause. 100 So.2d at 377. Because of this opportunity, the finding of probable cause permitted the presumption in the subsequent malicious prosecution action. In the instant case, the determination of probable cause for the issuance of the arrest warrant occurred at an ex parte hearing. Burns had no opportunity to even know what was being presented to the magistrate much less to refute it. Thus, under our decisions in Ward and Gallucci, the issuance of the arrest warrant for Burns does not establish a presumption of probable cause in his malicious prosecution action. The First District correctly stated the law in Pinkerton v. Edwards, 425 So.2d 147, 149 (Fla. 1st DCA 1983):
[B]ecause a Gallucci probable cause hearing permits both parties to present evidence on the issue of probable cause and to have the evidence considered by a neutral and disinterested magistrate, a finding of probable cause by the magistrate creates a presumption of probable cause which serves to shield prosecution, absent a showing of fraud or other improper behavior by the accuser. In effect, the probable cause hearing acts to transfer the responsibility for the prosecution from the accuser to the neutral and disinterested magistrate. (Emphasis supplied.)
Having established that the presumption presently exists only if the defendant has had an opportunity to participate in the determination of probable cause, we consider whether we should now extend the Gallucci presumption to a magistrate's finding of probable cause in the absence of a defendant's opportunity to participate. We first note that a balancing of the various interests involved has appropriately resulted in imposing a particularly heavy burden of proof upon an individual claiming malicious prosecution.
The tort of malicious prosecution is premised on the right of an individual to be protected from unjustifiable litigation or unwarranted criminal prosecution. Against this right, the need of society to bring criminals to justice by protecting those who, in good faith, report and legally prosecute persons apparently guilty of crime must be balanced. The latter need, in addition to the public policy in favor of the termination of litigation, dictates the plaintiff's heavy burden of proof. See generally W. Prosser, The Law of Torts § 119 (4th ed. 1971). This burden includes the onerous requirement of proving that the criminal proceeding was initiated by the defendant without probable cause, i.e., without a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. See Goldstein v. Sabella, 88 So.2d 910, 911 (Fla. 1956); Dunnavant v. State, 46 So.2d 871, 874 (Fla. 1950); Fee, Parker & Lloyd, P.A. v. Sullivan, 379 So.2d 412, 417 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1119 (Fla. 1980); Liabos v. Harman, 215 So.2d 487, 488 (Fla.2d DCA 1968).
The effect of the decision below, however, places an even more stringent, and in our view unnecessary, burden on a plaintiff. As the Supreme Court has noted in a different context, the mere issuance of a warrant does not guarantee that its issuance was reasonable:
It is true that in an ideal system an unreasonable request for a warrant would be harmless, because no judge would approve it. But ours is not an *1220 ideal system, and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should.
Malley v. Briggs, ___ U.S. ___, 106 S.Ct. 1092, 1098-99, 89 L.Ed.2d 271 (1986). This is especially true when a warrant is issued at an ex parte hearing. We agree with Judge Zehmer that
[f]undamental to our system of jurisprudence and concepts of fair play and due process is the right of a party, such as appellant, to a hearing and the opportunity to present evidence and be heard on the determination of each essential element of his cause of action. A probable cause hearing at which an accused can be present and participate affords ample recognition of this right; but when an ex parte hearing of which appellant had not notice and in which he could not participate becomes conclusive proof of probable cause in his subsequent malicious prosecution action against his accuser, it simply cannot be said that appellant has been afforded a fair opportunity to present evidence and be heard on all the critical elements of his cause of action.
Burns, 469 So.2d at 811-12 (Zehmer, J., specially concurring).
Accordingly, we hold that the issuance of an arrest warrant by a magistrate establishes a presumption of probable cause for purposes of an action for malicious prosecution only if the defendant had the opportunity to be heard by the magistrate on the issue of probable cause.
Although we believe the trial court and First District erred in applying the Gallucci presumption to the instant case, we nonetheless approve the result of summary judgment in favor of GCC. Even without the presumption, there is no genuine issue of material fact regarding probable cause. The fact that GCC could not prove that Burns had taken the money does not mean that there was an absence of probable cause for reporting the customer's allegations to the authorities. Moreover, when Marie Smith (GCC's agent) did speak to the sheriff, she merely told him that a customer accused Burns of taking cash belonging to GCC. She expressed no opinion regarding Burn's innocence or guilt. Nor did she request that Burns be arrested. Compare Maiborne v. Kuntz, 56 So.2d 720 (Fla. 1952).
In Pokorny v. First Federal Savings & Loan Association, 382 So.2d 678, 682 (Fla. 1980), we stated:
We hold that under Florida law a private citizen may not be held liable in tort where he neither actually detained another nor instigated the other's arrest by law enforcement officers. If the private citizen makes an honest, good faith mistake in reporting an incident, the mere fact that his communication to an officer may have caused the victim's arrest does not make him liable when he did not in fact request any detention. See 14 Fla. Jur. False Imprisonment § 5 (1957).
The undisputed facts of the instant case establish that GCC employees merely reported the customer's allegations to the sheriff's department. The actions of GCC through its employees cannot, as a matter of law, support a claim for malicious prosecution. Accordingly, we approve the result reached by the trial and district courts.
It is so ordered.
McDONALD, C.J., and ADKINS, OVERTON and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
EHRLICH, J., did not participate in this case.
BOYD, Justice, concurring in part and dissenting in part.
I concur in the majority opinion to the extent that it answers the certified question in the negative. I do not believe that a magistrate's finding of probable cause to issue an arrest warrant, whether made ex parte or in an adversary proceeding, should create a conclusive presumption that there was probable cause for the criminal *1221 prosecution. As Judge Ervin indicated in his specially concurring opinion below, judicial officers sometimes make mistakes entirely independent of any fraud or improper conduct on the part of the person or persons prompting or initiating the prosecution. I have no objection to the proposition that a probable cause determination by a judicial officer in connection with the prosecution gives rise to a rebuttable presumption of probable cause for the prosecution. The burden is always on the plaintiff in a malicious prosecution action to prove want of probable cause for the prosecution. Carrying this burden will always to some extent entail overcoming the effect of any probable cause determination that took place in the prior prosecution. See Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1942).
Accordingly, I dissent from that portion of the majority opinion that holds a conclusive presumption of probable cause, rebuttable only on grounds of fraud or corrupt means, arises where the probable cause determination was made at an adversary proceeding. I would hold the presumption thus created to be simply rebuttable.
On the question of whether summary judgment was proper, I would quash the decision of the district court of appeal and direct reversal of the trial court's judgment. There was sufficient evidence to raise issues for the jury on the questions of probable cause and whether the employer's conduct was so outrageously careless as to support a finding of malice. An employer has an obligation to perform more than just a perfunctory internal investigation before making a criminal complaint to a law enforcement agency.
A criminal prosecution is an ordeal causing emotional, social, and financial devastation to the defendant. Where it can be shown that a criminal prosecution was wrongfully initiated, those who falsely or recklessly accuse innocent persons should be held financially liable. The injured person is thus financially compensated for the damages inflicted and others are deterred from similar conduct.