JOANOS, Judge.
Appellant Jessie Mae Harris appeals the final summary judgment entered in favor of Sheriff Eddie Boone, defendant in Harris’s suit for malicious prosecution and false imprisonment. The issues for our review are: (1) whether there exist genuine issues of material fact with respect to probable cause to arrest, (2) whether appellant was afforded an opportunity to be heard on the issue of probable cause, and (3) whether it was error to deny appellant’s motion to strike the sheriff’s renewed motion for summary judgment. We affirm in part, and reverse in part.
On April 5, 1982, appellant filed a two-count complaint against appellee in his capacity as Sheriff of Leon County, alleging malicious prosecution as to Count I, and false imprisonment as to Count II. On April 7, 1982, appellee filed an answer and affirmative defenses, together with a motion for summary judgment. Appended to the motion for summary judgment were copies of the arresting deputy’s probable cause affidavit and the warrant for appellant’s arrest. Appellee’s motion for summary judgment, which expressly relied upon the rule enunciated in Gallucci v. Milavic, 100 So.2d 375 (Fla.1958), was predicated on the judicial determination of probable cause as a bar to appellant’s action for malicious prosecution and false imprisonment. In addition, appellee filed the February 27, 1981, deposition of the arresting deputy. This deposition had been taken in conjunction with the criminal proceedings which formed the basis for the lawsuit here on appeal.[1]
On May 3, 1982, appellant filed the arresting deputy’s April 1982 deposition, together with a request for admission of authenticity of an intraoffice memorandum, dated November 9, 1981, from the arresting deputy to one of his superiors. The subject of the memorandum was appellant’s intention to file a claim against the sheriff.
On May 17, 1982, the trial court granted appellee’s motion for summary judgment. However, on May 18, 1982, the trial court withdrew the summary judgment entered the day before. On reconsideration, the trial court found since there was a question whether the probable cause determination had been based on perjury, there existed a genuine issue of material fact which precluded summary judgment.
The case against appellee lay dormant during the pendency of the appellate proceedings between appellant and Lewis State Bank.[2] On June 4, 1986, after this court issued its mandate in the Lewis State Bank case, appellee filed a renewed motion for summary judgment, again attaching *1067 copies of the probable cause affidavit and warrant, and asserting the same principle of law relied upon in the first motion, that is, the Gallucci conclusive presumption of probable cause attendant upon a magistrate’s finding of probable cause.
After the Florida Supreme Court denied Lewis State Bank’s petition to review Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986), appellant filed a motion to strike the renewed motion for summary judgment on grounds of redundancy —maintaining the same motion based on the same facts and law had been denied previously. Appellant’s motion to strike included a request for costs and attorney’s fees, pursuant to Florida Rules of Civil Procedure 1.510(g).[3]
On September 22, 1986, the trial court heard arguments on the motions. Thereafter, on November 13,1986, the trial court entered final summary judgment in favor of appellee.
To prevail in a suit for malicious prosecution, a plaintiff must show: (1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) the defendant was the legal cause of the judicial proceeding, (3) the termination of the judicial proceeding in plaintiff’s favor, (4) the absence of probable cause for the proceeding, (5) the presence of malice, and (6) resulting damage to the plaintiff. Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla.1987), and cases cited therein. To prevail, it is incumbent upon a plaintiff to prove an absence of probable cause.
It is now well settled that a magistrate’s determination of probable cause to issue an arrest warrant is not a conclusive presumption of probable cause, unless the probable cause determination was based upon an adversary hearing and there was no evidence of fraud or other improper means in securing the warrant. Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla.1987). Gallucci v. Milavic, 100 So.2d 375 (Fla.1958), is the seminal case on the probable cause presumption. In Gallucci, the supreme court held that in a malicious prosecution action a magistrate’s finding of probable cause after an adversary hearing is a conclusive presumption of probable cause which will bar the subsequent suit, absent fraud or other corrupt means in the procurement of the warrant. Gallucci was reaffirmed by the supreme court in Burns v. GCC Beverages (Burns II), which approved the result reached in this court’s en banc opinion in Burns I, which appears at 469 So.2d 806 (Fla. 1st DCA 1985), but disapproved the underlying rationale.
The supreme court explained that in Gal-lucci, unlike the situation which obtained in Burns, the accused was given the opportunity to refute the allegations supporting probable cause. The court further observed that a correct statement of the law appears in Pinkerton v. Edwards, 425 So. 2d 147, 149 (Fla. 1st DCA 1983), wherein this court held that—
because a Gallucci probable cause hearing permits both parties to present evidence on the issue of probable cause and to have the evidence considered by a neutral and disinterested magistrate, a finding of probable cause by the magistrate creates a presumption of probable cause which serves to shield prosecution, absent a showing of fraud or other improper behavior by the accuser. (Emphasis in the original).
The court recognized the public policy need to balance the competing interests of the individual to be protected from unwarranted criminal prosecution against the need of society to protect those who act in good faith to prosecute persons apparently guilty of crime. In other words, the mere issuance of a warrant ought not be taken as proof of the reasonableness of the prose *1068 cution.[4] Accordingly, the court held that “the issuance of an arrest warrant by a magistrate establishes a presumption of probable cause for purposes of an action for malicious prosecution only if the defendant had the opportunity to be heard by the magistrate on the issue of probable cause.” Burns II, 502 So.2d at 1220. See also Rotte v. City of Jacksonville, 509 So.2d 1252 (Fla. 1st DCA 1987).
In the instant case, the trial court’s order on the renewed motion for summary judgment relied on this court’s opinions in Bums I and Martinez v. West, 470 So.2d 872 (Fla. 1st DCA 1985). The Martinez opinion expressly adopted the Bums I reasoning as governing. The supreme court’s opinion disapproving the rationale applied by this court in Bums I was released some two months after entry of the order granting final summary judgment in this case. Therefore, the trial court did not have the benefit of the supreme court’s explication of the Gallucci rule, with its particular emphasis upon an adversary hearing as a prerequisite for application of the presumption. Since the record in this case reflects that the issuance of the arrest warrant was not predicated upon an adversary hearing as contemplated by the supreme court in Burns II, we reverse the final summary judgment.
We address briefly appellant’s contention that the trial court erred in failing to strike appellee’s renewed motion for summary judgment. We note at the outset that the renewed motion for summary judgment in this case clearly relies upon the same legal principle which was decided adversely to appellee in 1982. Absent this court’s 1985 opinions in Bums and Martinez, a reasoned argument could be advanced that the renewed motion for summary judgment amounted to a delaying tactic or an attempt to have the issue decided by a different judge. Bums I and Martinez, however, appeared to give new vitality to the Gallucci presumption, that is, that a magistrate’s probable cause determination would act as a bar to a malicious prosecution action. Therefore, we find the renewed motion for summary judgment was justified on the basis of the subsequently disapproved reasoning in Bums I and by incorporation, in Martinez.
In summary, in light of the supreme court’s opinion in Bums II, we find the Gallucci probable cause presumption inapplicable to the instant case. This record does not demonstrate that appellant was afforded the adversary hearing contemplated in Gallucci and Bums II, and the circumstances surrounding the deputy’s probable cause affidavit suggest that pertinent information may have been inaccurately reported. See Lloyd v. Hines, 474 So.2d 376 (Fla. 1st DCA 1985); Lindeman v. C.J. Stoll, Inc., 490 So.2d 101 (Fla. 2d DCA), review denied, 500 So.2d 543 (Fla.1986). On the other hand, in light of the Burns I and Martinez opinions, we find the denial of appellant’s motion to strike the renewed motion for summary judgment did not constitute an abuse of discretion.
Accordingly, we affirm the trial court’s order denying appellant’s motion to strike the renewed motion for summary judgment. We reverse the trial court’s award of final summary judgment, and remand for further proceedings consistent with this opinion.
SMITH, C.J., and WENTWORTH, J., concur.

. A detailed recitation of the events which formed the basis for this suit appears in Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986).

. Appellant prevailed in three appeals in her effort to maintain her claims against Lewis State Bank, now First Florida Bank, N.A. The former proceedings are reported in: Harris v. Lewis State Bank, 436 So.2d 338 (Fla. 1st DCA 1983); Harris v. Lewis State Bank, 451 So.2d 924 (Fla. 1st DCA 1984); and Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1986).

. Fla.R.Civ.P. 1.510(g), provides:
(g) Affidavits Made in Bad Faith. If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees, and any offending party or attorney may be adjudged guilty of contempt.

. The court quoted the following language from the Supreme Court’s opinion in Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), as relevant to the subject, although stated in a different context:
It is true that in an ideal system an unreasonable request for a warrant would be harmless, because no judge would approve it. But ours is not an ideal system, and it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should.