# GLISSON, et al. v ALACHUA COUNTY, etc. et al.

## Case No. 85-25490CA

Eighth Judicial Circuit, Alachua County

July 28, 1988

### APPEARANCES OF COUNSEL

**G. Stephan Parker,** Southeastern Legal Foundation, for plaintiffs.

**Bruce Brashear** for plaintiffs.

**Thomas D. MacNamara,** Assistant County Attorney, for defendant Alachua County.

**Charles L. Siemon,** Special Trial Counsel for defendant Alachua County.

**John McKirchy** for the Florida Department of Community Affairs (Amicus Curiae on behalf of defendant Alachua County).

**Joseph Z. Fleming** for 1000 Friends of Florida, Inc. (Amicus Curiae on behalf of defendant Alachua County).

### OPINION OF THE COURT

CHESTER B. CHANCE, Circuit Judge.

### *AMENDED FINAL JUDGMENT*

The Plaintiffs filed this action challenging Alachua County's amend-

ments to the comprehensive land use plan restricting land use and development and allege that Defendant violated the 5th and 14th Amendments to the Constitution.

The Alachua County Comprehensive Plan empowers Alachua County Board of County Commissioners to enact land use plan amendments to regulate development. Alachua County designated the Cross Creek area as a special area study. The Cross Creek Area Study is an area of approximately 3100 acres surrounding Cross Creek which lies between Orange Lake, Lochloosa Lake, and the Lochloosa Wildlife Management Area. The area contains a variety of unique ecological areas such as hammocks, wetlands, and active bald eagle nests. In addition to the environmentally sensitive areas, Cross Creek is a historic area as it is the home of Pulitzer Prize winner Marjorie Kinnan Rawlings.

On August 13, 1985, Alachua County adopted the Cross Creek Special Area Study as an amendment, CPA-5-85, to the Alachua County Comprehensive Plan, Future Land Use 2000, § 12.2. On December 22, 1987, Alachua County enacted Ordinance 87-25 which implemented CPA-5-85 in the county zoning laws. Alachua County amended CPA-5-85 by adopting the revised Cross Creek Special Area Study, CPA-5-87. On April 12, 1988, Alachua County adopted Ordinance 88-11 which incorporated CPA-5-87 in the county's Land Use Element and which supersedes CPA-5-85.

The ordinance attempts to preserve the ecological and historic character of the Cross Creek area by the use of land use restrictions. Alachua County enacted regulations affecting exceptional upland habitats, hammock zones, lake buffer zones, water quality, wetlands, bald eagle nesting zones and historic preservation area. The land use regulations in Ordinance 87-25 restrict land use and development near any of the protected environmentally sensitive areas and the historic area without a permit. The ordinance limits development in certain areas to one house per every five acres and heavily restricts development around active bald eagle nests. The ordinance allows all existing land uses.

The plaintiffs, eighteen land owners, filed this action against Alachua County alleging that CPA-5-85 and CPA-5-87, as incorporated in Ordinances 87-25 and 88-11, violated their constitutional rights under the 5th and 14th Amendments. The Plaintiffs alleged that the land use restrictions were a violation of due process and equal protection and effected a taking of their land without just compensation. In addition, Plaintiffs alleged that both CPA-5-85 and CPA-5-87, as implemented

84

by Ordinances 87-25 and 88-11, delegated legislative authority improperly and violated statutory plan amendment requirements.

This Court previously granted the Defendant's Motion for Summary Judgment on nine of the thirteen counts alleged in the Complaint, holding that any count regarding the improper passage or taking by CPA-5-85 was moot by the subsequent enactment of CPA-5-87. Moreover, this Court found no facts supporting Plaintiffs' allegations that Alachua County improperly delegated legislative authority or violated statutory requirements. Therefore, there was no genuine issue as to any material fact on those counts and Defendant was entitled to a judgment as a matter of law. At trial the issues were limited to whether the land use regulations in Ordinances 87-25 and 88-11 constituted a taking of Plaintiffs' land.

When does a land use regulation, a mere exercise of the police power, go too far and become a taking? The 5th Amendment of the Constitution states that "no person shall be deprived of property without due process of law, nor shall private property be taken for public use without just compensation". U. S. Const. Amend. V. The 14th Amendment incorporates the 5th Amendment and adds that "no state shall deny to any person within its jurisdiction the equal protection of the laws". U.S. Const. Amend. XIV, § 1.

Police power is an inherent state power reserved by the 10th Amendment of the Constitution. The State may delegate police power to the local government units limited only by due process and taking considerations of the 5th Amendment. Alachua County acted in the state's place by enacting Ordinance 87-25.

Alachua County has imposed regulations on the land owners in an attempt to protect the historical, cultural, and ecological areas comprising the Cross Creek area. Has Alachua County unconstitutionally imposed land use regulations in the Cross Creek area? Since the Plaintiffs have not yet been denied a permit to vary from the ordinance, no concrete controversy exists and the Plaintiffs are limited to a facial challenge. *Agins v. Tiburon,* 447 U.S. 255, 260 (1980). Therefore, the question is whether the mere enactment of Ordinances 87-25 and 88-11 constitute a taking. *Id.*

In a facial challenge, the Plaintiff must show that the challenged ordinance is arbitrary or capricious, or that it denies land owners substantial economic use of the land. *Id.; Joint Venture v. Dept. of Transportation,* 519 So.2d 1067, (Fla. 1st DCA 1988). Alachua County passed Ordinance 88-11 to amend the Alachua County Comprehensive Plan. The ordinance's stated purpose is to preserve the unique charac-

ter and environment of Cross Creek. A legislative enactment such as this ordinance has a presumption of constitutionality and courts will presume the ordinance's stated purpose is its actual purpose. *City of Renton v. Playtime Theatres, Inc.,* 106 S.Ct. 925, 929 (1986). The Court accepts the ordinance's avowed purpose and the Court will not substitute its judgment for that of the elective legislature which, in this case, is Alachua County. Regulation of environmentally sensitive areas is a legitimate concern within the police power of state and local authorities. *Graham v. Estuary Properties, Inc.,* 399 So.2d 1374, 1381 (Fla. 1981). The evidence adduced at trial showed Cross Creek to be a unique area in Alachua County as it has an unusually large number of eagle nests, is surrounded by two large lakes, and contains a variety of sensitive ecological areas. At trial, Plaintiffs did not introduce sufficient evidence that the ordinance was arbitrary or capricious and Plaintiffs were unable to meet the burden of proof.

If the Plaintiffs cannot show that the ordinance was arbitrary or capricious, then they must show that it denied land owners substantial economic use of the property. *Penn Central Transportation Co. v. New York,* 438 U.S. 104 (1978). At trial, the evidence showed that Cross Creek is a rural area with primarily rural development. The ordinance allows rural development as well as all existing land uses. Additionally, land owners can apply for variances for other development. No one has yet had a development application denied. In fact, one Plaintiff in the study area received development approval and was able to sell his land at a profit. This Court did not find any evidence that the Plaintiffs suffered any adverse economic impact. Therefore, this Court finds that Plaintiffs failed to establish a taking.

The equal protection clause is satisfied if the classification is rationally related to a legitimate state interest. Regulation of environmentally sensitive areas has been held to be properly within the ambit of legitimate state interest. *Graham v. Estuary Properties, Inc.,* 399 So.2d 1374, 1381 (Fla. 1981). Courts will uphold the classification unless it rests on grounds wholly irrelevant to the achievement of the state objective. *McGowan v. Maryland,* 366 U.S. 420, 425 (1961). It is clear from the evidence in this cause that Cross Creek is a unique area as it contains a number of ecological areas, an unusually large number of bald eagle nests, and the historic area surrounding the Rawlings House. There is no reason to believe that Alachua County impermissibly selected these Plaintiffs and denied them equal protection. Therefore, the County did not violate the equal protection clause by enacting land use regulations in Cross Creek.

We live in a democracy formed by the Constitution and the laws of this state and country. In a democracy, the majority rules by making those laws it deems appropriate. The majority is represented by a legislative body, congress or a state legislature. In this case the trustees of the majority is Alachua County. Alachua County has the authority to enact ordinances such as 87-25. One of the rules of courts in our society is to protect minorities from the imposition of inappropriate actions by the majority when they act through their trustees.

The Constitution gives minorities or individuals, who feel they have been wrongly treated by the majority certain rights, that laws will not be enacted in an arbitrary or capricious manner and that laws will not impermissibly discriminate one group from another. These rights also provide that just compensation will be awarded if the government takes private property for a public purpose. It is not the Court's function to determine legislative policy and purpose, rather it is the Court's function to ensure that the legislature does not unconstitutionally exceed its authority. *Marbury v. Madison,* 1 CR. (5 U.S.) 137 (1803). There is no evidence in this cause that the majority overstepped its boundaries. This Court finds that Alachua County's ordinance does not unconstitutionally burden the land owners. It is interest to note the question of land ownership was dealt with 50 years ago by Marjorie Kinnan Rawlings who wrote the following on the subject "Who Owns Cross Creek".

"We are Tenants, and not possessors, lovers and not masters, Cross Creek belongs to the wind and the rain, to the sun and the seasons, to the cosmic secrecy of seed, and beyond all, to time". Marjorie Kinnan Rawlings, *Cross Creek* 368 (1942).

IT IS THEREFORE ADJUDGED:

1. That Defendant's Motion for Summary Judgment with respects to Counts I, II, III, IV, V, VI, VII, VIII and X is granted and Counts I, II, III, IV, V, VI, VII, VIII and X are hereby dismissed with prejudice.

2. That Defendant's Motion for Involuntary Dismissal with respects to Counts IX, XI, XII and XIII is granted and Counts IX, XI, XII and XIII are hereby dismissed with prejudice.

DONE AND ORDERED in Chambers at Gainesville, Alachua County, Florida, this 28th day of July, A.D., 1988.

*Editor's Note:* On August 17, 1988, Plaintiffs filed a notice of appeal to the First District Court of Appeal in Tallahassee, Florida.