665 So.2d 340 (1995)
Tobie JACKSON, Appellant,
v.
Nicholas G. NAVARRO, As Sheriff of Broward County, Florida, Appellee.
No. 94-2831.
District Court of Appeal of Florida, Fourth District.
December 27, 1995.
Kelly B. Gelb and Walter G. Campbell of Krupnick, Campbell, Malone, Roselli, Buser, Slama & Hancock, P.A., Ft. Lauderdale, for appellant.
Bruce W. Jolly of Shailer, Purdy & Jolly, P.A., Ft. Lauderdale, for appellee.
KLEIN, Judge.
The trial court granted the sheriff's motion for summary judgment in this false arrest case because of the general rule that an arrest pursuant to lawful authority, a capias here, cannot be false. Plaintiff argues that this is no longer the law based on recent federal law; however, we conclude that the federal law is inapplicable here and affirm.
Plaintiff was employed at a rental car agency being investigated by the Broward Sheriff's Office because rental cars were being stolen and used to transport drugs. The investigation reflected that an employee was falsifying vouchers and plaintiff became a suspect.
An officer prepared a probable cause affidavit, which he submitted to the statewide prosecutor, who prepared an information charging plaintiff with racketeering, conspiracy, and dealing in stolen property. A capias was issued based on the information and plaintiff was arrested in Georgia and returned to Florida, but the charges were later nol prossed.
Plaintiff thereafter filed this suit against the sheriff for false arrest (a/k/a false imprisonment) committed by his employee. The trial court granted the sheriff's motion for summary judgment based on the general *341 proposition set forth in S.H. Kress & Co. v. Powell, 132 Fla. 471, 483, 180 So. 757, 762 (1938), and Johnson v. Weiner, 155 Fla. 169, 171, 19 So.2d 699, 700 (1944):
Although not always observed, the distinction between malicious prosecution and false imprisonment is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the later the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceeding favorably to plaintiff, whereas in false imprisonment the allegation of want of probable cause is not essential, and the burden is on defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be malicious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority within this rule. (Emphasis added.)
See also Erp v. Carroll, 438 So.2d 31 (Fla. 5th DCA 1983) (imprisonment under "process regular and in legal form issued by lawful authority" is not false).
Plaintiff argues the fact that this arrest was pursuant to a capias no longer bars a false arrest claim, relying on Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). In Malley a Connecticut state trooper, after intercepting a telephone call, prepared affidavits, obtained arrest warrants signed by a judge, and had plaintiffs arrested. After the grand jury failed to indict, plaintiffs sued the trooper for negligent civil rights violations pursuant to 42 U.S.C.A. § 1983. The trial court directed a verdict against plaintiffs on the ground that the trooper was immune, since the arrests were based on warrants, and the court of appeals reversed. Briggs v. Malley, 748 F.2d 715 (1st Cir.1984). The Supreme Court affirmed the court of appeals, concluding that neither the common law nor public policy require absolute immunity, and that the trooper who obtained the warrant was only entitled to qualified immunity:
Defendants will not be immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized.
475 U.S. at 341, 106 S.Ct. at 1096.
Relying on Malley, plaintiff argues that the sheriff can be sued for false arrest, even though the arrest here was based on a capias, and that there are therefore issues of fact as to whether the affidavits prepared by the sheriff's officer were "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley at 345, 106 S.Ct. at 1098.
Malley was quoted by our supreme court in Burns v. GCC Beverages, Inc., 502 So.2d 1217 (Fla. 1986), a case in which the court cleared up confusion arising out of two of its prior opinions and adhered to the rule that the issuance of an arrest warrant by a magistrate creates a presumption of probable cause in a malicious prosecution case only where the defendant had the opportunity to participate in the probable cause hearing.
We cannot agree with plaintiff that Malley should be applied in false imprisonment cases. If we were to do so, and thus hold that the capias in this case does not preclude a false arrest claim, it would conflict with Kress and Johnson, in which the Florida Supreme Court quoted the general rule that imprisonment, if based on valid process, cannot be false.
The fact that Malley was quoted by the Florida Supreme Court in Burns does not persuade us, because Burns was a malicious prosecution case, not a false arrest case. Although these torts are sometimes confused, the elements are different. The elements of malicious prosecution are:
(1) The commencement or continuance of an original criminal or civil judicial proceeding. *342 (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action.
Burns, 502 So.2d at 1218.
In contrast:
[T]he tort of false imprisonment does not require proof that a legal proceeding was commenced without probable cause, and with malice. All that is required are allegations that a person has been unlawfully restrained without color of authority. (Footnotes omitted).
Everett v. Florida Inst. of Technology, 503 So.2d 1382, 1383 (Fla. 5th DCA 1987).
It is clear from looking at the elements of malicious prosecution and false imprisonment that the former arises out of the wrongful commencement of a judicial proceeding, while the latter occurs when there is an improper restraint which is not the result of a judicial proceeding. William L. Prosser, Law of Torts, § 119 (4th ed. 1971), explains the distinction between malicious prosecution and false imprisonment as follows:
[T]he difference is one of the regularity of the legal process under which the plaintiff's interests have been invaded. If he is arrested or confined without a warrant, or legal authority apart from a warrant, malicious prosecution will not lie, since the essence of that tort is the perversion of proper legal procedure, and the remedy is false imprisonment. On the other hand, if there is legal process or due authority apart from it, the arrest is not "false" and the action must be one of malicious prosecution. (Footnotes omitted).
See also 32 Am.Jur.2d, False Imprisonment, § 4 (1982).
Plaintiff's argument that she can recover for false arrest in the present case appears to be an attempt to do an end run around the more difficult burden of proof placed on a plaintiff in a malicious prosecution case, which, as its label suggests, requires malice:
The tort of malicious prosecution is premised on the right of an individual to be protected from unjustifiable litigation or unwarranted criminal prosecution. Against this right, the need of society to bring criminals to justice by protecting those who, in good faith, report and legally prosecute persons apparently guilty of crime must be balanced. The latter need, in addition to the public policy in favor of the termination of litigation, dictates the plaintiff's heavy burden of proof. See generally W. Prosser, The Law of Torts § 119 (4th ed. 1971).
Burns, 502 So.2d at 1219. The torts are also distinguishable because in malicious prosecution the plaintiff has the burden of establishing that there was no probable cause, while in false arrest the lack of probable cause is not an element which plaintiff must prove, but is rather an affirmative defense. Kress, 180 So. 757; Johnson, 19 So.2d 699.
We are not unsympathetic to the fact that this plaintiff was incarcerated after her arrest; however, that can be remedied in a malicious prosecution action:
The liability for the arrest and confinement caused by the malicious institution of criminal proceedings is part of the damages resulting from malicious prosecution because in such a case, while the prosecution may have been commenced and carried out maliciously, the imprisonment is under process regular and in legal form issued by lawful authority and the resulting imprisonment is not false.
Erp, 438 So.2d at 40. Nor is it significant that the officer preparing the probable cause affidavit also went to Georgia and assisted in the arrest, since the arrest was still based on the capias, and that precludes a false arrest claim.
We therefore affirm.
DELL and STEVENSON, JJ., concur.