[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12411
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2010
JOHN LEY
CLERK

D.C. Docket No. 4:09-cv-10030-JLK

PETER HALMOS,
PAH CO.,

Plaintiffs-Appellants,

versus

BOMARDIER AEROSPACE CORP.,

Defendant-Appellee,

LEGAL SERVICES P.C.,
ROBERT M. GREENBERG,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2010)

Before TJOFLAT, WILSON, and COX, Circuit Judges.

PER CURIAM:

Plaintiff Peter Halmos sued Bomardier Aerospace Corporation ("Bomardier") for malicious prosecution following the conclusion of a Dallas County, Texas suit filed by Bomardier against Halmos, individually and doing business as PAH Corporation, and PAH Co. Halmos contends that the district court erred in dismissing his claim for malicious prosecution. We reject this contention.

At the Fed. R. Civ. P. 12(b)(6) stage, we "primarily consider the allegations in the complaint," but "[t]he court is not [always] limited to the four corners of the complaint." *Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (citation omitted). We have held that a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278 (11th Cir. 1999); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

In order to adequately allege malicious prosecution of a civil claim, the plaintiff must establish: (1) a judicial proceeding against the present plaintiff was

2

commenced or continued; (2) the present defendant filed the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding was in favor of the present plaintiff; (4) absence of probable cause for the original proceeding; (5) malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (citing *Burns v. GCC Beverages, Inc.*, 502 So. 2d 1217 (Fla. 1986).

Halmos asserts that the district court explored forbidden territory when ruling on Bomardier's motion to dismiss. We disagree. The district court's determination did not exceed the permissible scope of a 12(b)(6) motion to dismiss - the complaint, attachments to the complaint, and matters of public record. The district court found that "Halmos was the individual owner of PAH Co.," "he signed numerous documents, including the relevant Agreements, on the company's behalf," and he "admittedly used the aircraft for personal reasons." (R.2-55 at 5.) All of this information was contained in Halmos's Amended Complaint and its attachments. (R.1-4 at 5 ¶ 17; at 8-10 ¶¶ 27-31; at 17 ¶ 43; Exs. 3-6.) The district court relied upon undisputed facts of public record, including the undisputed fact that Halmos did not file a motion to dismiss during the four-year Texas lawsuit, that he filed individual counterclaims in his name in the Texas lawsuit, and that one would not know the

3

proper defendant to sue as there was no entity called "PAH Corporation" in existence in Florida at the time the Texas lawsuit was filed. (R.2-55 at 5.) The district court used this information to conclude that Halmos's Amended Complaint was "deficient in failing to allege the critical element that [Bomardier] lacked probable cause in instituting and pursuing an action against Halmos [in his individual capacity]." (*Id.*) The district court did not err in considering matters of public record that went beyond the scope of Halmos's complaint to reach this conclusion.

Halmos also contends that the district court impermissibly held that he had waived his malicious prosecution claim by failing to file a motion to dismiss, a motion for summary judgment, or by filing counterclaims in the Texas lawsuit. Halmos misreads the district court's order. It is clear from reading the order that the court simply looked at the record of the Texas lawsuit in considering the totality of the undisputed facts surrounding whether Bomardier had probable cause to either commence or continue a suit against Halmos in his individual capacity. The district court concluded that all the facts taken together defeated Halmos's ability to allege Bomardier's lack of probable cause. This was proper. Consequently, we find no error in the district court's dismissal of Halmos's malicious prosecution claim against Bomardier.

AFFIRMED.

4