855 So.2d 1164 (2003)
Thomas PRITCHETT, Appellant,
v.
CITY OF HOMESTEAD, etc., Appellee.
No. 3D02-2366.
District Court of Appeal of Florida, Third District.
October 1, 2003.
Anthony J. Soto, Coral Gables, and Robert Rubenstein, Miami, for appellant.
Weiss Serota Helfman Pastoriza Guesdes Cole & Boniske and Joseph H. Serota, Miami, for appellee.
Before COPE and GERSTEN, JJ., and NESBITT, Senior Judge.
PER CURIAM.
The appellant, a City of Homestead policeman, was investigated by the City's *1165 police department internal affairs investigators for possible wrong doing in connection with his documentation of narcotics investigations. The City ultimately forwarded the matter to the State Attorney's Office which analyzed whether discrepancies in appellant's reports constituted official misconduct or perjury under Florida law. The State Attorney concluded that the activities the investigators found should be handled administratively, and returned the file to the City. Appellant was given a written reprimand by the City's police department. He subsequently sued the City for "negligent supervision" of the investigation and alleged that he suffered from loss of earnings due to the denial of an anticipated promotion. The trial court granted summary final judgment in favor of the City and we affirm.
Beginning with Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912 (Fla.1985) and Everton v. Willard, 468 So.2d 936 (Fla.1985) it has been recognized that the negligent conduct of police investigations does not give rise to a cause of action because the duty to protect citizens and enforce the law is one owed generally to the public. See also Seguine v. City of Miami, 627 So.2d 14 (Fla. 3d DCA 1993) (police decisions as to enforcement of criminal law are generally immune from tort liability under discretionary function exception to waiver of sovereign tort immunity); State v. Kowalski, 617 So.2d 1099 (Fla. 5th DCA 1993) review denied, 626 So.2d 1367 (Fla.1993)(duty to enforce laws and protect public safety does not create legal duty of care to person who is subject of criminal investigation, approved by this Court in Stephen v. State, 659 So.2d 705 (Fla. 3d DCA 1995)); J.B. v. Department of Health and Rehabilitative Services, 591 So.2d 317 (Fla. 4th DCA 1991) (law enforcement officer's alleged negligent failure to proceed with an investigation does not give rise to a cause of action).
Affirmed.