867 So.2d 1250 (2004)
Edward P. MAILLY and Claire T. Duffy, Appellants,
v.
Ken JENNE as Sheriff of Broward County, Florida, and Broward County, Appellees.
No. 4D03-2195.
District Court of Appeal of Florida, Fourth District.
March 17, 2004.
*1251 Ellen M. Feld of Bell & Bell, Fort Lauderdale, for appellants.
Beverly A. Pohl and Bruce Rogow of Bruce S. Rogow, P.A., Fort Lauderdale, for appellee Ken Jenne as Sheriff of Broward County, Florida.
GROSS, J.
Edward Mailly and Claire Duffy appeal an adverse summary judgment entered in their actions against the Sheriff of Broward County for false arrest. We affirm the trial court's ruling that there was probable cause for the arrests, which operates as a complete bar to the actions. See Bolanos v. Metro. Dade County, 677 So.2d 1005 (Fla. 3d DCA 1996).
On February 16, 1999, the state charged Mailly and Duffy with engaging in lewdness, contrary to section 796.07(2)(e), Florida Statutes (1999), and remaining in a place for the purposes of prostitution, lewdness, or assignation, in violation of section 796.07(2)(g). The arrests arose from conduct that occurred at an adults-only swingers club. On July 20, 2000, the state nolle prossed the charges.
By an amended complaint, appellants sued the sheriff for false arrest and four claims under 42 U.S.C. § 1983 (1998). The sheriff removed the case to federal court. Appellants voluntarily dismissed two civil rights counts. The federal district court granted summary judgment in favor of the sheriff on the remaining civil rights counts and remanded the case to state court.
Both sides moved for summary judgment concerning the false arrest claim. The trial court granted summary judgment for the sheriff, concluding that at the time of the January 1999 arrests, the officers had probable cause to arrest appellants.
Probable cause is an affirmative defense to a false arrest claim. See Jackson v. Navarro, 665 So.2d 340, 342 (Fla. 4th DCA 1995). As the first district has written:
To show probable cause in a false arrest situation, it is not necessary that the arresting officer know facts that would absolutely prove beyond a reasonable doubt the guilt of the person charged; probable cause exists when the circumstances are sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged.
Fla. Game & Freshwater Fish Comm'n v. Dockery, 676 So.2d 471, 474 (Fla. 1st DCA 1996); see also Schmitt v. State, 590 So.2d 404, 409 (Fla.1991) (holding that probable cause defined as "a reasonable ground of suspicion supported by circumstances sufficiently strong to warrant a cautious person in the belief that the person is guilty of the offense charged") (citing Dunnavant v. State, 46 So.2d 871 (Fla.1950)).
Probable cause is judged by the facts and legal state of affairs that existed at the time of the arrest. "Hindsight should not be used to determine whether a prior arrest or search was made with probable cause. Events that occur subsequent to the arrest cannot remove the probable cause that existed at the time of the arrest." Dockery, 676 So.2d at 474 (citations omitted).
For example, in Boca Raton v. Coughlin, 299 So.2d 105, 107 (Fla. 4th DCA 1974), we observed that the "great weight *1252 of authority" holds that a valid arrest made by a police officer for an ordinance violation does not subject the officer to liability for false arrest if the ordinance is later "held void," unless the officer knew or had reason to know "that the ordinance [was] invalid or inapplicable."
Five years later, the United States Supreme Court held that a "good-faith reliance on an ordinance, which at the time had not been declared unconstitutional, is valid regardless of a subsequent judicial determination of its unconstitutionality." Michigan v. DeFillippo, 443 U.S. 31, 33, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).
While this case does not involve an ordinance that has been held unconstitutional after an arrest, it does involve statutes where the elements of the crime have been the subject of discussion. Compare State v. Willets, 4 Fla. L. Weekly Supp. 586 (Fla. 15th Cir.Ct.1997), with State v. Silvers, 7 Fla. L. Weekly Supp. 592 (Fla. 17th Cir.Ct. 2000) and State v. Altice, 7 Fla. L. Weekly Supp. 222 (Fla. Broward Cty. Ct.1999). Silvers noted that "[w]hether a law enforcement officer may be the sole person offended to establish the offensiveness element required to prove lewdness has not been specifically addressed in any Florida case." 7 Fla. L. Weekly Supp. at 592 (emphasis added). This is a case where the sheriff's proposed statutory interpretation is at least "arguable," and not "cockeyed." Northen v. City of Chicago, 126 F.3d 1024, 1028 (7th Cir.1997).
"What facts and circumstances constitute probable cause is a pure question of law; whether they exist is a pure question of fact." LeGrand v. Dean, 564 So.2d 510, 512 (Fla. 5th DCA 1990). Taking the facts in the light most favorable to appellants, we hold that at the time the arrests occurred, the officers had probable cause to arrest appellants for violation of section 796.07(2)(g), remaining in a place for the purposes of prostitution, lewdness, or assignation.
STONE and HAZOURI, JJ., concur.