[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11931

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**September 30, 2005**
**THOMAS K. KAHN**
**CLERK**

District Court No. 04-00006-CV-CC-1

NATHANIEL BROWN,

Plaintiff-Appellant,

versus

J. L. ABERCROMBIE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 30, 2005)

Before ANDERSON, CARNES and HILL, Circuit Judges.

PER CURIAM:

Plaintiff filed this action alleging false arrest in violation of his constitutional rights under both the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983. The district court entered summary judgment for the defendant, and plaintiff filed this appeal.

I.

Nathaniel Brown was arrested for burglary based upon an investigation conducted by Det. Judy L. Abercrombie of the Gwinnett County Police Department. During the course of her investigation into several robberies at an apartment complex under construction, Abercrombie learned that a maroon van was seen at the apartment complex on two occasions when it was burglarized. On the first occasion, a security guard who was patrolling made eye contact with a suspect standing on an apartment balcony. The suspect entered an apartment. Thereafter, the guard observed the suspect jump into a maroon van that had been parked inside the apartment's garage. On the second occasion, another security guard confronted two suspects, with crowbars in their hands, on a balcony of an apartment. Both suspects ran, leaving behind the same maroon van, which was backed into an apartment garage as it had been during the previous burglary.

Upon checking the van's registration, Abercrombie learned that it was registered to Brown's cousin, Freddie Grier. The van also contained documents regarding a loan on the van. These documents showed that Brown co-purchased the van along with Grier, and contained Brown's signature. The van also contained a pawn ticket with Brown's name on it.

Abercrombie brought Brown in for questioning. He had a set of keys to the van, but denied knowledge of the burglary and refused to be photographed or provide a fingerprint for comparison. He also alleges that he told her he had a receipt for a gas purchase at the same time as the second burglary, but some fifty miles away. Abercrombie arranged a photographic line-up for the security guard who had seen the burglary suspect on the balcony on the first occasion. The guard positively identified Brown as the suspect he saw on the balcony.

Based upon her investigation, Abercrombie sought and obtained an arrest warrant for Brown. She attested to the following facts: (1) that the victim owned an apartment complex that was under construction; (2) that various appliances had been stolen from the apartments in the new construction area on more than one occasion; (3) that, immediately prior to discovering burglaries of three apartments, a security guard had seen Brown on the balcony of the building that was

3

burglarized; (4) that, from where Brown was seen standing and escaping, he had access to the three apartments that were burglarized; (5) that the security guard witnessed Brown flee the scene in a maroon van that was parked in a garage that had interior and exterior access to the burglarized apartments; (6) that, less than one month before the burglaries began, Brown had co-signed for the maroon get-away van, seen twice at the scene of the crimes; and (7) that the security guard had positively identified Brown in a photo line-up as being the perpetrator at the scene of the crimes. Based upon this sworn testimony, the judge found probable cause to issue three arrest warrants for Brown's arrest (one for each apartment burglarized).

## II.

The district court entered summary judgment for Abercrombie, holding that she was entitled to qualified immunity since the arrest warrant was supported by arguable probable cause and that this was sufficient to establish that there was no constitutional violation. We agree.

Brown's argument is that Abercrombie failed to include certain exculpatory information in her warrant application. Specifically, he points to his cousin's statement that he never loaned the van to Brown, the security guard's initial description of the suspect as weighing 170 when Brown weighs 230, and the gas

receipt with no name or signature on it. Furthermore, he argues that Abercrombie should have conducted an investigation of the gas receipt.[1]

In order to be entitled to qualified immunity in this case, Abercrombie need only show that the arrest warrant was supported by arguable probable cause. *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). Furthermore, she need not have included every bit of information gleaned by her investigation in her application so long as she did not knowingly omit any information that would be material to the finding of probable cause. *Haygood v. Johnson*, 70 F.3d 92 (11th Cir. 1995).

It is clear to us that both of these standards were met by Abercrombie's conduct in obtaining the warrant in this case. Her investigation included incident reports, witness statement, evidence processing, and photo line-ups. Brown was positively identified as the burglar in a photo-line-up by a security guard who had seen the suspect at the scene of the burglaries. Less than one month before the burglaries began, Brown co-signed for the maroon van seen twice at the scene of the crimes. The van also contained loan papers with Brown's name on them. These facts clear support arguable probable cause to seek the warrant. As to the

---

[1]Brown relies for his claim of inadequate investigation on a case not yet decided at the time of the investigation and arrest in this case. Accordingly, we do not consider it.

unsigned gas receipt, we hold that its omission from the warrant application was not material to the finding of probable cause.

Accordingly, the judgment of the district court is

AFFIRMED.