[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14428
Non-Argument Calendar
_____

D. C. Docket No. 9:10-cv-81082-JIC


MORRIS L. MCDANIEL,

Plaintiff-Appellant,

versus

SHERIFF OF PALM BEACH COUNTY, FLORIDA,
CITY OF BOYNTON BEACH, FLORIDA,
as Boynton Beach Police Department,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 17, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.


PER CURIAM:

Plaintiff Morris McDaniel appeals the district court's grant of summary

judgment to Defendants and the district court's imposition of procedural and monetary sanctions on Plaintiff.  No reversible error has been shown; we affirm.

BACKGROUND

This case is about Plaintiff's arrest in May 2008 and about certain steps officers of the Palm Beach County Sheriff's Office and the Boynton Beach Police Department took in connection with the arrest.  At the time of his arrest, Plaintiff was a resident of Boynton Beach, Florida, and was employed by the Palm Beach County Sheriff's Office ("PBCSO") as a sheriff's deputy.  Plaintiff was not on duty as a sheriff's deputy at the time of his arrest.

Plaintiff was arrested for simple domestic battery by officers of the Boynton Beach Police Department ("BBPD") for acts taken within the city limits of Boynton Beach, Florida, and within the usual jurisdiction of BBPD.  On the day of the arrest, Plaintiff and his then-spouse Gena Rowlands ("Rowlands") -- a non-officer employee of the PBCSO -- engaged in an argument.  During the argument, Plaintiff allegedly put his hands on Rowlands, choked her, and threatened to harm her.  At some point during the argument, Rowlands called a PBCSO co-worker and drove out of Boynton Beach -- into unincorporated Palm Beach County -- to

2

meet the co-worker.  Rowlands had  one of the couple's two sons with her; the other son remained with Plaintiff.

The co-worker who Rowlands contacted understood Rowlands to be afraid for the safety of the son who remained with Plaintiff.  Before meeting Rowlands outside Boynton Beach at a pharmacy parking lot in unincorporated Palm Beach County, the co-worker contacted an off-duty PBCSO captain.  The off-duty captain then contacted the PBCSO dispatch center, and PBCSO personnel were sent to the pharmacy parking lot.

After Rowlands met her co-worker at the parking lot, Plaintiff arrived at the parking lot with the couple's other son and parked his personal vehicle near Rowlands's personal vehicle.  A short time later, PBCSO patrol cars arrived; Plaintiff exited his vehicle and stood at the back of his truck as a PBCSO sergeant approached Plaintiff to confirm his identity.  Plaintiff was told that he could not leave the scene, but he was not handcuffed.

Some time after the PBCSO officers arrived at the parking lot, a BBPD officer arrived in a patrol car.  He was directed to the scene by a BBPD sergeant after the PBCSO contacted  BBPD about the domestic dispute between Plaintiff and Rowlands that had occurred within the city limits of Boynton Beach.  After arriving at the scene, the BBPD officer conducted an investigation: interviewing

3

Rowlands, Plaintiff, and both children.  At least one of the children confirmed to the BBPD officer that Plaintiff had laid his hands on Rowlands (in a manner sufficient to cause redness) during the argument.

After consulting with a BBPD sergeant, the BBPD officer arrested Plaintiff for simple domestic battery under Florida law. After Plaintiff was arrested, he was transported to the BBPD police station, spent the night in jail, and was released on bond the next morning.  After Plaintiff's release on bond, a state court entered a domestic violence injunction against Plaintiff, and the BBPD confiscated Plaintiff's several personal firearms from the marital home.  No criminal charges were ever filed against Plaintiff incident to the arrest, and Plaintiff's personal firearms were sent to the PBCSO by the BBPD in July 2008, according to BBPD policy.  At the time the district court entered summary judgment, Plaintiff had not attempted to retrieve his personal firearms; and the firearms were believed still to be at the PBSCO.

Plaintiff filed this civil action against Defendant Ric Bradshaw, the Sheriff of Palm Beach County, and Defendant City of Boynton Beach (collectively, "the Defendants") in 2010.  Plaintiff's Third Amended Complaint, filed in May 2011, includes a claim against the PBCSO for violation of Plaintiff's civil rights under 42 U.S.C. § 1983 and a state law claim for false arrest; against the City of Boynton

4

Beach, the complaint includes a § 1983 civil rights claim, and state law claims for false arrest, conversion, and civil theft.

The case proceeded through a contentious discovery process that resulted in several orders imposing both procedural and monetary sanctions on Plaintiff. Then, in August 2011, the district court entered an order granting the Defendants' Motions for Summary Judgment. Plaintiff now appeals both the grant of summary judgment to the Defendants and the imposition of sanctions.

DISCUSSION

Plaintiff's chief contentions about the illegality of his arrest focus on the validity of the Palm Beach County Mutual Aid Agreement ("the Mutual Aid Agreement") under which the PBCSO and BBPD were operating at the time of the arrest.[*] Briefly stated, Plaintiff contends that the Mutual Aid Agreement was invalid at the time of his arrest and that his arrest outside the usual jurisdiction of the BBPD was thus a violation of state law and constituted a federal constitutional violation.

---

[*] Florida law provides for "Mutual Aid Agreements" that allow law enforcement agencies to agree voluntarily to cooperate and assist in law enforcement activities across jurisdictional lines. See Fla. Stat. § 23.1225.

As the district court noted correctly, an arrest in violation of state law cannot alone support a cause of action under section 1983. Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002). We have also explained that an arrest made with probable cause cannot be the basis of a section 1983 action for false arrest. See, e.g., Marx v. Gumbinner, 905 F.2d 1503, 1505-06 (11th Cir. 1990). Probable cause is also an affirmative defense in Florida to a state law action for false arrest. See, e.g., Mailly v. Jenne, 867 So. 2d 1250, 1251 (Fla. Dist. Ct. App. 2004).

An officer has probable cause to arrest a suspect when the officer has "facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) (citation omitted). When a determination about probable cause can be made on undisputed facts, the existence of probable cause is a question of law and summary judgment is appropriate. See Marx, 905 F.2d at 1506.

Reviewing the record de novo, we see no reversible error in the district court's grant of summary judgment to the Defendants on Plaintiff's state and federal causes of action about the arrest. Regardless of the merits of Plaintiff's complaints about the Mutual Aid Agreement, the officers involved in the arrest all

6

believed that the Mutual Aid Agreement was valid (and in effect) at the time of the arrest; and we conclude as a matter of law that probable cause existed for Plaintiff's detention at the scene and eventual arrest.

Upon a <u>de novo</u> review of the record, and in the light of the existence of probable cause for the arrest and a domestic violence injunction, we also see no reversible error in the district court's grant of summary judgment to Defendant City of Boynton Beach on Plaintiff's state law claims for conversion and theft.

We also affirm the sanctions awards.  District courts have broad discretion in this area and we review impositions of discovery sanctions for an abuse of discretion.  <u>See</u>, <u>e.g.</u>, <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F.3d 1045, 1048 (11th Cir. 1994).  We see no abuse or clear error of judgment in the district court's handling of the discovery sanctions in this case.

## CONCLUSION

As a matter of law, Plaintiff's detention and arrest were supported properly by probable cause.  We therefore conclude no genuine issue of material fact exists about Plaintiff's claims and AFFIRM the grant of summary judgment to

Defendants.  Seeing no abuse of discretion, we also AFFIRM the impositions of sanctions.

AFFIRMED.